[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is the plaintiff's (Susan Corona's) objection to the defendant's (ItalGlass U.S.A. Corp. 's) request to revise. The request seeks to have the plaintiff separate her claims against the two defendants, Bed, Bath and Beyond, Inc. and ItalGlass U.S.A. Corp., to clarify the cause of action against each defendant.
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff . . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant."' BarrettCT Page 2740v. Danbury Hospital, 232 Conn. 242, 263-64 (1995), quotingGurliacci v. Mayer, 218 Conn. 531, 546-47 (1991).
Where, as here, the plaintiff has combined two defendants in one count, and those defendants do not share identical interests, it is unclear what "delict" the plaintiff is alleging each defendant committed. "A proper way to cure any confusion is to file a motion to revise . . . ." Napolitano v. Allstate InsuranceCo., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 053358 (March 25, 1991, McDonald, J.). See also Bondeson v. Griffin Hospital, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 035875 (May 21, 1992, McGrath, J.); Czulewicz v. Raymond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 100248 (November 20, 1990, Cioffi, J.); Cooper v. East Hartford,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 358287 (October 16, 1990, Hennessey, J.).
Moraghan, J.